```
              IN THE UNITED STATES DISTRICT COURT
                  FOR THE DISTRICT OF MARYLAND
```

GROUND ZERO MUSEUM WORKSHOP,  
et al.                            :

    v.                           :   Civil Action No. DKC 09-3288

                                                                                                             :

WILLIAM WILSON
                                                                                                              :

**MEMORANDUM OPINION**

    Pending before the court is a motion for reconsideration filed by Plaintiffs Ground Zero Museum Workshop and Gary Marlon Suson (ECF No. 63) and an amended motion to withdraw appearance filed by Plaintiffs' counsel (ECF No. 70). The relevant issues have been briefed and the court now rules pursuant to Local Rule 105.6, no hearing being deemed necessary. For the reasons that follow, both motions will be denied.

**I. Motion for Reconsideration**

    On August 24, 2011, the court issued a memorandum opinion and order (1) denying three motions to strike filed by Plaintiffs, (2) granting in part and denying in part a motion to dismiss or for summary judgment filed by Defendant William Wilson, and (3) granting Defendant's motion for leave to amend counterclaims. (ECF Nos. 60, 61).

    On September 12, Plaintiffs filed the pending motion for reconsideration. (ECF No. 63). While the motion appears to

relate to the partial grant of summary judgment in favor of Defendants, Plaintiffs have not identified any ground for relief, nor have they presented any argument in support. Rather, they merely assert that the parties are currently "engaged in settlement negotiations, which may continue for some time," and that "[w]hen settlement negotiations are completed, [they] will, if necessary, file a Supplemental Memorandum . . . setting forth in detail the claims for which reconsideration is sought, and the relevant facts and law." (*Id.* at ¶¶ 2, 7). Plaintiffs apparently were concerned with a "ten day deadline imposed by either FRCP 50 or 60." (*Id.* at ¶ 5).

Because the order to which Plaintiffs' motion is addressed is not a final judgment, Rule 59 or 60 could not apply. Pursuant to Federal Rule of Civil Procedure 54(b), "any order or other decision, however designated, that adjudicates fewer than all the claims . . . may be revised at any time before the entry of judgment adjudicating all the claims." Thus, Rule 54(b) governs reconsideration of interlocutory orders that do not constitute final judgments in a case. Because the court's prior decision did not adjudicate all claims in the case, Plaintiffs' motion falls under the scope of Rule 54(b). *See Am. Canoe Ass'n v. Murphy Farms, Inc.*, 326 F.3d 505, 514 (4th Cir. 2003). Pursuant to Local Rule 105.10, "[e]xcept as otherwise provided in Fed. R. Civ. P. 50, 52, 59, or 60, any motion to reconsider

any order issued by the Court shall be filed with the Clerk not later than fourteen (14) days after entry of the order."

Plaintiffs' motion, filed September 12, was not filed within fourteen days after entry of the August 24 order. Even if the motion were timely, it could not prevail because Plaintiffs have not identified any aspect of the court's prior order with which they take issue, nor have they provided a legal basis or argument in support. What they have done, in effect, is filed a generic motion as a sort of place marker, suggesting that they would fill in the blanks at a later date, if necessary. In the ensuing period of nearly eight weeks, however, they have failed to do so. Accordingly, the motion will be denied.

**II. Amended Motion to Withdraw Appearance**

On October 17, Plaintiffs' counsel filed a motion to withdraw appearance, asserting that they "have not been able to reach agreement with the Plaintiffs as to the terms of continued representation" following the issuance of the court's partial grant of summary judgment in favor of Defendant. (ECF No. 68, memorandum, at ¶ 2).[1] Later on the same date, the court issued a notice advising Plaintiffs' counsel that their motion did not contain the information required under Local Rule 101.2 and

---

[1] This motion was rendered moot by the filing of an amended motion and will be denied.

requiring them to supplement by October 31. On October 31, Plaintiffs' counsel filed an amended motion to withdraw appearance, adding that "[o]n October 17[,] 2011, a copy of the original motion to withdraw was mailed to Plaintiff" and that "Plaintiff has acknowledged receipt of the motion." (ECF No. 70, memorandum, at ¶¶ 3, 4). Counsel's amended motion does not cure the deficiencies of the original.

Local Rule 101.2 provides, in relevant part:

> a)   Individuals
>
> In the case of an individual, appearance of counsel may be withdrawn only with leave of Court and if (1) appearance of other counsel has been entered, or (2) withdrawing counsel files a certificate stating (a) the name and last known address of the client, and (b) that a written notice has been mailed to or otherwise served upon the client at least seven (7) days previously advising the client of counsel's proposed withdrawal and notifying the client either to have new counsel enter an appearance or to advise the Clerk that the client will be proceeding without counsel. . . . .
>
> b)   Parties Other than Individuals
>
> In the case of any party other than an individual, including corporations, partnerships, unincorporated associations and government entities, appearance of counsel may be withdrawn only with leave of Court and if (1) appearance of other counsel has been entered, or (2) withdrawing counsel files a certificate stating (a) the name and last known address of the client, and (b) that the written notice has been mailed to or otherwise served upon the client at least

>     seven (7) days previously advising the
>     client of counsel's proposed withdrawal and
>     notifying it that it must have new counsel
>     enter an appearance or be subject to the
>     dismissal of its claims and/or default
>     judgment on claims against it. In the event
>     that within thirty (30) days of the filing
>     of the motion to withdraw, new counsel has
>     not entered an appearance, the Court may
>     take such action, if any, that it deems
>     appropriate, including granting the motion
>     to withdraw and dismissing any affirmative
>     claim for relief asserted by the party
>     and/or directing the party to show cause why
>     a default should not be entered on claims
>     asserted against it.

The principal difference between the two sub-parts of the local rule stems from the fact that parties other than individuals may not represent themselves. Thus, upon withdrawal of counsel, claims related to parties other than individuals, such as business entities, are subject to dismissal and/or default judgment.

In their amended motion, Plaintiffs' counsel have not included a certification containing the required information as to their clients. As an individual, Plaintiff Gary Marlon Suson may represent himself if counsel are permitted to withdraw, but Ground Zero Museum Workshop may not. Indeed, under Local Rule 101.2.b, Ground Zero's sole remaining claim will be subject to dismissal and default judgment may be entered against it with respect to any counterclaims if new counsel does not enter an appearance promptly. Accordingly, counsel's motion to withdraw

their appearance will be denied without prejudice to their right to renew upon providing proper notice to both of their clients and filing a motion that conforms to the requirements of Local Rule 101.2.

### III. Conclusion

For the foregoing reasons, the motion for reconsideration filed by Plaintiffs and the amended motion to withdraw appearance filed by Plaintiffs' counsel will be denied. A separate order will follow.

```
          _____/s/_____
          DEBORAH K. CHASANOW
          United States District Judge
```