IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
|  | : |  |
| COMMITTEE FOR GROUND ZERO | : |  |
| MUSEUM WORKSHOP, et al. | : |  |
|  | : |  |
| v. | : | Civil Action No. DKC 09-3288 |
|  | : |  |
| WILLIAM WILSON | : |  |
|  | : |  |

**MEMORANDUM OPINION AND ORDER**

Plaintiffs Ground Zero Museum Workshop ("GZM") and its executive director, Gary Marlon Suson, commenced this action against William Wilson on December 10, 2009. Along with his answer to the complaint, Wilson asserted a number of counterclaims, which Plaintiffs moved to dismiss. Following the denial of the motion to dismiss, Plaintiffs twice amended their complaint. After answering, Wilson filed motions for summary judgment and for leave to amend his counter-complaint. By a memorandum opinion and order issued August 24, 2011, the court granted summary judgment in favor of Wilson as to all but one of the claims raised by Plaintiffs in their second amended complaint. Wilson was also permitted to file his amended counter-complaint, which asserted the following counts: (1) fraud; (2) breach of contract implied in fact; (3) quantum meruit; (4) unjust enrichment; (5) breach of contract; (6) common law trademark infringement, passing-off,

misappropriation; (7) misuse of trade secret; (8) intentional infliction of emotional distress; (9) defamation; (10) declaratory judgment; and (11) accounting.  (ECF No. 62).

Following the denial of Plaintiffs' motion for reconsideration, their counsel moved to withdraw appearance.  By an order issued January 11, 2012, the court granted the motion to withdraw, advising GZM that it "must have new counsel enter an appearance or be subject to dismissal of [the sole remaining count] of the Second Amended Complaint and default on counterclaims against it," further directing GZM to show cause why that result should not obtain.  (ECF No. 74).  When GZM failed to respond, the corporate defendant's complaint was dismissed and default was entered against it with respect to Wilson's counter-complaint.  Because Suson failed to answer the amended counter-complaint within the requisite time period, the court directed Wilson "to file and serve . . . a motion for entry of default by the Clerk or provide a report as to why such motion would be inappropriate."  (ECF No. 79).

Wilson moved for entry of default against Suson on March 30, 2012.  When Suson failed to respond, the clerk entered default against him.  (ECF No. 81).  On June 1, Wilson filed the pending motion for default judgment against GZM and Suson.  (ECF No. 82).  No response has been filed.

Upon the entry of default, "the well-pled allegations in a complaint as to liability are taken as true, but the allegations as to damages are not." *S.E.C. v. Lawbaugh*, 359 F.Supp.2d 418, 422 (D.Md. 2005). The question remains, however, as to whether the well-pled allegations are sufficient to state a claim upon which relief may be granted. As one court recently explained:

> A plaintiff is not entitled to default judgment simply because the defendant fails to respond to the complaint. "A default is not treated as an absolute confession by the defendant of his liability and of the plaintiff's right to recover." *Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780 (4th Cir. 2001) (citing *Nishimatsu Constr. Co., Ltd. v. Hous. Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975) (quoting *Thomson v. Wooster*, 114 U.S. 104, 113 (1885))). Foremost, a court must be satisfied that the complaint states a legitimate cause of action. *See Anderson v. Found. for Advancement, Educ. & Emp't of Am. Indians*, 155 F.3d 500, 506 (4th Cir. 1998) (holding that the district court erred in granting default judgment to the plaintiff where plaintiff failed to state a claim); *GlobalSantaFe Corp. v. GlobalSantaFe.com*, 250 F.Supp.2d 610, 612 n. 3 (E.D.Va. 2003) ("Upon default . . . the appropriate inquiry is whether the facts alleged [in the complaint] state a claim."). Although the Court "must accept the facts alleged in a complaint as true and construe them in the light most favorable to the plaintiff," *Coleman v. [Maryland Court of Appeals]*, 626 F.3d 187, 188 (4th Cir. 2010), threadbare "legal conclusion[s] . . . [are] not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 680 (2009). Moreover, the well-pleaded facts of a complaint must permit the court to infer the plausibility rather than the mere

> possibility of misconduct entitling the plaintiff to relief. *Id.*; *Coleman*, 626 F.3d at 190; *Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009).

*Richardson v. William Sneider and Associates, LLC*, No. 4:12CV25, 2012 WL 3525625, at *2 (E.D.Va. July 24, 2012); *see also Bixler v. Foster*, 596 F.3d 751, 762 (10th Cir. 2010) ("[A] defendant's default does not in itself warrant the court in entering a default judgment." (citing *Nishimatsu Constr. Co. v. Houston Nat. Bank*, 515 F.2d 1200, 1206-08 (5th Cir. 1975) (vacating district court's entry of default judgment because the pleadings were insufficient to support the judgment)); *Capitol Records v. Carmichael*, 508 F.Supp.2d 1079, 1086 (S.D.Ala. 2007) ("a default judgment cannot stand on a complaint that fails to state a claim" (quoting *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1370 n. 41 (11th Cir. 1997)); 10A Charles A. Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 2688 at 63 (3d ed. 1998) ("Even after default, . . . it remains for the court to consider whether the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit to mere conclusions of law.").

In his motion, Wilson asserts, in conclusory fashion, that liability has been established. Specifically, the motion papers recite, "Plaintiffs have admitted the operative facts in their own pleadings, answers to Defendant's discovery requests, or by

their failure to respond to Defendant's Counterclaim," citing Federal Rule of Civil Procedure 8(b)(6). (ECF No. 82, at 2). Plaintiffs' operative pleading at the time of default, however, is in conflict with Defendant's amended counter-complaint in virtually every material respect, and while discovery may have shed some light on the relevant issues, the court has not been presented with any of the relevant documents. Furthermore, Rule 8(b)(6) – which provides that the effect of failing to deny an allegation is that the allegation is deemed "admitted if a responsive pleading is required and the allegation is not denied" – does not mean that the allegations are sufficient to state a claim.

In its independent review of the pleading, the court is unable to conclude that liability as to any of the counterclaims has been established. Thus, the requested relief cannot be granted on the instant record. Defendant will, however, be permitted to renew its motion, providing a full analysis of its claims with citation to relevant legal authority.

ACCORDINGLY, it is this 17th day of January, 2013, by the United States District Court for the District of Maryland, ORDERED that:

1. The motion for default judgment filed by Defendant William Wilson (ECF No. 82) BE, and the same hereby IS, DENIED WITHOUT PREJUDICE TO RENEWAL; and

2.    The clerk is directed to transmit copies of this Memorandum Opinion and Order to counsel for Defendant and directly to Plaintiffs.


_____/s/_____
DEBORAH K. CHASANOW
United States District Judge